| | |
|---|---|
| 1 | **MUSICK, PEELER & GARRETT LLP** |
| 2 | 650 Town Center Drive, Suite 1200 |
|   | Costa Mesa, California 92626-1925 |
| 3 | Telephone (714) 668-2400 |
|   | Facsimile (714) 668-2490 |
| 4 | Donald E. Bradley (State Bar No. 145037) |
| 5 | D.Bradley@MusickPeeler.com |
| 6 | Attorneys for Defendant TRANS UNION LLC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ARTIS-RAY CASH, JR., | Case No.: 2:25-cv-00961-RGK-DFM |
| Plaintiff, | Hon. R. Gary Klausner |
| vs. | **DEFENDANTS TRANS UNION, LLC AND WEBBANK'S NOTICE OF JOINT MOTION TO DISMISS AND JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| TRANSUNION LLC; WEBBANK; FINGERHUT; and DOES 1 – 20, Inclusive, | |
| Defendants. | **Date:** July 21, 2025. |
| | **Time:** 9:00 a.m. |
| | **Courtroom:** 850 |
| | **Complaint Filed:** April 11, 2025. |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

---

1

DEFENDANTS TRANS UNION LLC AND WEBBANK'S JOINT MOTION TO DISMISS
Case No. 2:25-cv-00961-RGK-DFM

PLEASE TAKE NOTICE that on July 21, 2025 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850, 8th Floor of the above-entitled Court located at Royal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, Defendants Trans Union LLC and WebBank ("Defendants") will, and hereby do, move this Court, pursuant to 28 U.S.C. § 1915(e)(2)(A), for an Order dismissing Plaintiff's First Amended Complaint (Dkt. No. 30) with prejudice, or in the alternative, setting aside this Court's Order on Request to Proceed in Forma Pauperis (Dkt. No. 8)

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, accompanying declaration of Andrew S. Ayala and all exhibits thereto, all of the pleadings, records and files herein, those matter of which the Court may take judicial notice, and Proposed Order lodged herewith, and such further oral and/or documentary evidence as may properly be presented at the time of the hearing of this matter, if any.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 11, 2025.

DATED:  June 23, 2025            MUSICK, PEELER & GARRETT LLP



                                 By: */s/ Donald E. Bradley*
                                     Donald E. Bradley
                                     Counsel for Trans Union LLC


DATED:  June 23, 2025            FAEGRE DRINER BIDDLE AND REATH LLP



                                 By: */s/ Andrew S. Ayala*
                                     Andrew S. Ayala
                                     Counsel for WebBank

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 4, 2025, Plaintiff Artis-Ray Cash Jr., ("Plaintiff") initiated this action by filing his Complaint alleging violations of the Fair Credit Reporting Act ("FCRA") against Defendants.[1] Plaintiff is no stranger to this Court. Plaintiff is a frequent pro se litigant who routinely seeks to proceed *in forma pauperis* ("IFP") and has filed 21 actions in this Court in addition to the present case:

1. *Artis Cash v. First Collection Services et al.*, Case No. 2:19-cv-09416-SVW-E, filed on November 1, 2019.

2. *Artis Cash v. Experian Information Solutions, Inc. et al.*, Case No. 2:21-cv-03672-RGK-SHK, filed on April 29, 2021.

3. *Artis-Ray Cash v. Experian Information Solutions, Inc*, Case No. 2:23-cv-06688-FMO-JC, filed on August 15, 2023. Plaintiff requested and was granted IFP status. (ECF Nos. 3 and 7.)[2]

4. *Artis-Ray Cash, Jr. v. Midland Credit Management, Inc. et al.*, Case No. 2:23-cv-10126-HDV-SSC, filed on December 1, 2023. Plaintiff requested and was granted IFP status. (ECF Nos. 3 and 8.)

5. *Artis-Ray Cash Jr. v. Caesars Entertainment, Inc.*, Case No. 2:23-cv10570-JFW-PVC, filed on December 18, 2023. Plaintiff requested IFP status. (ECF No. 3.) The court postponed the ruling due to inconsistencies in the information provided by Plaintiff, and noted "it was unclear from the Request how Plaintiff can afford to live and pay for daily expenses if he unemployed, has nominal money in his accounts, and has no other

---

[1] "Fingerhut" was erroneously named as a defendant in this case as it is a brand name and not a legal entity. As such, to the extent Plaintiff bring claims against "Fingerhut," this matter has been inaccurately pled against an entity that does not exist. In reality, the defendant is WebBank, which issues WebBank/Fingerhut credit accounts.

[2] Defendants use the "ECF" notation to cite to the respective dockets of Plaintiff's other cases. Defendants use the "Dkt" notation to cite to the docket of this matter.

source of income." (ECF No. 8.) After Plaintiff provided the additionally requested additional information, the court denied him IFP status after concluding that he was able to pay the filing fee. (ECF No. 12.) The case was subsequently dismissed after Plaintiff failed to pay the $402 filing fee. (ECF No. 13.)

6. *Artis-Ray Cash Jr. v. Phillips & Cohen Associates Ltd.*, Case No. 2:24- cv-00012-HDV-MAR, filed on January 2, 2024. Plaintiff requested but was denied IFP status after the Court dismissed the case *sua sponte* due to Plaintiff's failure to state a claim. (ECF Nos. 3 and 9.)

7. *Artis-Ray Cash v. LVNV Funding LLC et al.*, Case No. 2:24-cv-00474-MRA-E, filed on January 18, 2024. Plaintiff requested but was denied IFP status after the Court dismissed the case *sua sponte* due to Plaintiff's failure to state a claim. (ECF Nos. 2 and 9.)

8. *Artis-Ray Cash Jr. v. Credit Control, LLC et al.*, Case No. 2:24-cv08447-AH-E, filed on October 1, 2024. Plaintiff requested and was granted IFP status. (ECF Nos. 3 and 9.)

9. *Artis-Ray Cash v. Absolute Resolutions Investments LLC,* Case No. 2:24-cv-09093-SRM-MAA, filed on October 22, 202. Plaintiff requested was granted IFP status. (ECF Nos. 2 and 9.)

10. *Artis-Ray Cash v. Maximus, INC.*, Case No. 2:24-cv-09094-RGK-AS, filed on October 22, 2024. Plaintiff requested and was granted IFP status. (ECF Nos. 2 and 8.)

11. *Artis-Ray Cash, Jr. v. Cavalry Portfolio Services, LLC*, Case No. 2:24-cv-09738-SRM-E, filed on November 12, 2024. Plaintiff requested and was granted IFP status. (ECF Nos. 3 and 9.)

12. *Artis-Ray Cash Jr v. Diverse Funding Associates*, LLC, Case No. 2:24-cv-10354-WLH-SK, filed on December 2, 2024. Plaintiff requested and

was granted IFP status. (ECF Nos. 3 and 11.)

13. *Artis-Ray Cash Jr. v. Velocity Portfolio Group, INC.*, Case No. 2:24-cv-10357-JFW-MAA, filed on December 2, 2024. Plaintiff requested and was granted IFP status. (ECF Nos. 3 and 11.)

14. *Artis-Ray Cash, Jr. v. Vervent, Inc.*, Case No. 2:24-cv-10359-DMG-BFM, filed on December 2, 2024. Plaintiff requested and was granted IFP status. (ECF Nos. 3 and 7.)

15. *Artis-Ray Cash Jr v. Resurgent Capital Services, L.P.*, Case No. 2:24-cv-10356-ODW-SK, filed on December 2, 2024. Plaintiff requested and was granted IFP status. (ECF Nos. 2 and 9.)

16. *Artis-Ray Cash Jr. v. Shelter Mutual Insurance Company*, Case No. 2:24-cv-10355-FMO-JPR, filed on December 2, 2024. Plaintiff requested and was granted IFP status. (ECF Nos. 3 and 7.)

17. *Artis-Ray Cash v. Convergent Outsourcing, Inc.*, Case No. 2:25-cv00663-AB-PD, filed on January 24, 2025. Plaintiff requested but was denied IFP status after the Court dismissed the case *sua sponte* due to lack of subject matter jurisdiction. (ECF Nos. 2 and 10.)

18. *Artis-Ray Cash Jr v. Experian Information Solutions, Inc. et al.*, Case No. 8:25-cv-00165-JWH-ADSx, filed on January 29, 2025.

19. *Artis-Ray Cash Jr. v. Housing Authority of the City of Los Angeles (HACLA) et al.*, Case No. 2:25-cv-00962-WLH-DFM, filed on February 4, 2025. Plaintiff requested but was denied IFP status after the Court dismissed the case *sua sponte* due to lack of subject matter jurisdiction. (ECF Nos. 3 and 7.)

20. *Artis-Ray Cash, Jr. v. Radius Global Solutions, LLC*, Case No. 2:25-cv-01481-DMG-JDE, filed on February 21, 2025. Plaintiff requested and was granted IFP status. (ECF Nos. 2 and 7.)

21. *Artis-Ray Cash Jr. v. Penn Credit Corporation*, Case No. 2:25-cv01483-MWF-AS, filed on February 21, 2025. Plaintiff requested and was granted IFP status. (ECF Nos. 2 and 7.)

Of the 21 actions, Plaintiff settled at least five cases in the six months preceding the commencement of this action. On February 4, 2025, Plaintiff filed a Request to Proceed *In Forma Pauperis* ("IFP Application"). (Dkt. No. 2.) In his IFP Application, Plaintiff failed to disclose his recent settlements. He has since admitted to receiving monetary compensation from five settlements yet still failed to report them to this Court. This omission constitutes bad faith and an abuse of the *in forma pauperis* privilege.

Additionally, Plaintiff disclosed he stores his settlement funds in his limited liability company. In *Artis-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, Civil Case No. 8:25-cv-00165-JWH-ADS, Plaintiff filed a declaration under penalty of perjury in support of his Motion for Relief from Judgment. He said, "I did not understand that confidential settlements, particularly those not received personally or paid through my LLC, needed to be listed. I did not intend to mislead the Court or hide any assets." (ECF No. 32 ¶ 8.) Plaintiff failed to disclosure receiving settlement funds through his LLC, and this omission also constitutes bad faith and an abuse of the *in forma pauperis* privilege. Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

## II.   APPLICABLE LEGAL STANDARD

"To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze,* 347 F.2d 114, 116 (9th Cir. 1965). 28 U.S.C. § 1915(e)(2)(A) mandates dismissal of a case at any time if the court determines that the allegation of poverty is made in bad faith. *Owens v. Brewer*, No. 2:22-CV-1765 CSK P, 2025 WL 449290, at *1 (E.D. Cal. Feb. 10, 2025), *report and recommendation adopted*, No. 2:22-CV-1765

DJC CSK P, 2025 WL 895234 (E.D. Cal. Mar. 24, 2025) (quoting 28 U.S.C. § 1915(e)(2)(A)). Dismissal under § 1915(e)(2)(A) requires "a showing of bad faith, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 n. 8 (9th Cir. 2015).

"[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee,* No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3-4 (E.D. Cal. May 15, 2020), *report and recommendation adopted,* 2020 WL 4350094 (E.D. Cal. July 29, 2020).

Dismissal under § 1915(e)(2)(A) is also appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain in forma pauperis status. *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113 (2d Cir. 2012). When determining if a plaintiff acted in bad faith, "a court may consider a plaintiff's familiarity with the in forma pauperis system and history of litigation." *Id*. at 115.

### III.   ARGUMENTS AND AUTHORITIES

**A. Plaintiff Concealed Settlement Income on His IFP Application.**

Plaintiff filed his IFP Application in this case on February 4, 2025. A review of PACER indicates that in the last year Plaintiff had settled at least four out of his twenty-one cases:

   i.   In *Artis-Ray Cash, Jr. v. Experian Information Solutions, Inc.*, Case No. 2:23-cv-06688 FMO (JCx), Plaintiff reached a settlement on or before February 13, 2024. *See* Declaration of Andrew S. Ayala in Support of

Defendants TransUnion, LLC and WebBank's Joint Motion to Dismiss ("Ayala Decl.") ¶ 4, Ex. A

ii. In *Artis-Ray Cash, Jr. v. Midland Credit Management, Inc.*, et al., Case No. 2:23-cv-10126-HDV-SSC, Plaintiff reached a settlement on or before July 22, 2024. *See* Ayala Decl. ¶ 5, Ex. B.

iii. In *Artis-Ray Cash, Jr. v. Maximus, Inc.*, Case No. 2:24-cv-09094-RGK-AS, Plaintiff reached a settlement on or before January 27, 2025. *See* Ayala Decl. ¶ 6, Ex. C.

iv. In *Artis-Cash, Jr. v. Vervent, Inc.*, Case No. 2:24-cv-10359-DMG-BFM, Plaintiff reached a settlement on or February 4, 2025. *See* Ayala Decl. ¶ 7, Ex. D.

There is no doubt that Plaintiff received monetary compensation as a result of these settlements. Recently, in another matter[3], Plaintiff submitted a Declaration Under Penalty of Perjury in which he stated that he received settlement funds as follows:

i. Experian – February 22, 2024

ii. Midland – August 29, 2024

iii. Equifax – October 8, 2024

iv. Vervent – February 4, 2025

v. Maximus- February 24, 2025

*See* Ayala Decl. ¶ 8, Ex. E ¶¶ 2-3.

Plaintiff filed his IFP Application in this case on February 4, 2025, and answered "no" to all the checkboxes requiring him to disclose income received in the last 12 months. (Dkt. 2.) However, at that time, Plaintiff had received settlement funds from

---

[3] *Artis-Ray Cash Jr., v. Experian Information Solutions, Inc.* et al., Civil Case No. 8:25-cv-00165-JWH-ADS

four different cases as he has admitted. Yet, in bad faith, Plaintiff failed to disclose any settlement income in his IFP application and declared under penalty of perjury that his responses were true, correct, and complete. *Id.*

Plaintiff further admitted he utilized an LLC to receive settlement payments in cases where the company was not a party. *See Artis-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, Civil Case No. 8:25-cv-00165-JWH-ADS, Declaration of Artis-Ray: Cash Jr. In Support of Motion for Relief from Judgment. *See* Ayala Decl. ¶ 8, Ex. E ¶ 5. A review of the California Secretary of State's Website reveals that Plaintiff created Artis Ray Cash Jr LLC on July 10, 2023.[4] Notably, Plaintiff failed to identify his LLC in his IFP Application, nor did he disclose receiving settlements through his LLC. (Dkt. 2.) Question 4 in Plaintiff's IFP Application asks, "[d]o you own any real estate, stocks, bonds, notes, **or other valuable property.**" (Dkt. 2.) Plaintiff checked the box saying "no." (Dkt. 2.)

**B. Plaintiff's Concealment Was in Bad Faith and his IFP Applications in Other Cases Further Support Dismissal.**

This is not the first time Plaintiff has concealed information in his IFP application. As shown above, Plaintiff is an experienced litigant who has filed over 21 other actions in this Court. The IFP application form is not confusing to Plaintiff, who has requested IFP status in 19 of the 21 actions. Two courts in the Central District of California have already dismissed actions filed by Plaintiff due to his bad-faith concealment. *See Artis-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, Civil Case No. 8:25-cv-00165-JWH-ADS and *Artis-Ray Cash Jr. v. Diverse Funding Associates*, Civil Case No. 2:24-cv-10354-WLH-SHK.

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined

---

[4] https://bizfileonline.sos.ca.gov/search/business

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) ("Rule 201"). Under this standard, courts may judicially notice "undisputed matters of public record," *Swahili v. Wells Fargo Bank NA*, No. 5:23-CV-00980-MEMF-AFM, 2024 WL 4721849, at *4 (C.D. Cal. Sept. 27, 2024), *appeal dismissed sub nom. Swahili v. Wells Fargo Bank, N.A.,* No. 24-6730, 2024 WL 5375813 (9th Cir. Nov. 25, 2024). A court may take judicial notice of matters of public records. *EVO Brands, LLC v. Al Khalifa Grp. LLC,* 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023).

Defendants hereby request that the Court take judicial notice of the Order Granting Defendant's Motion to Dismiss ("First Order") entered by Central District of California Judge John W. Holcomb in *Artis-Ray Cash Jr. v. Experian Information Solutions, Inc. and Monterrey Financial Services, LLC*, Case No. 8:25-cv-00165. *See* Ayala Decl. ¶ 9, Ex. F.

In that case, Plaintiff asserted claims for alleged violations to the Federal Credit Reporting Act ("FCRA") against another consumer reporting agency and a furnisher, similar to the claims in the present matter. In the First Order, the Court dismissed Plaintiff's case based on false allegations of poverty contained in his application. *See* Ayala Decl. ¶ 9, Ex. F pg. 3. The defendant in that case filed a motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A), alleging that Plaintiff failed to disclose settlement income in his application. Specifically, the defendant alleged that Plaintiff settled at least four cases within the last six months prior to the filing of the case and failed to disclose the income received from the settlements in his IFP application.

The court agreed with the defendant's arguments and dismissed the case with prejudice after concluding that Plaintiff failed to contest that he earned settlement income from his prior FCRA cases. *See* Ayala Decl. ¶ 9, Ex. F pg. 3. The court also concluded that, since this was not the first time Plaintiff omitted information in his

IFP application, the Plaintiff had deliberately concealed information in order to gain access to the Court without prepayment of filing fees. (*Id.*)

Defendants also request that the Court take judicial notice of the Order Re Motion to Dismiss ("Second Order") entered by the Central District Court of California, Judge Wesley L. Hsu in *Artis-Ray Cash Jr. v. Diverse Funding Associates*, Civil Case No. 2:24-cv-10354-WLH-SHK. *See* Ayala Decl. ¶ 10, Ex. G

In that case, Plaintiff asserted claims for alleged violations to the FCRA and to the Fair Debt Collection Practices Act ("FDCPA") against a creditor, alleging that it obtained his credit report for an impermissible purpose. Plaintiff filed an IFP application declaring under penalty of perjury that he received an income of $2,100 per month but did not disclose any settlement proceeds received during the prior twelve months. *See* Ayala Decl. ¶ 10, Ex. G pg. 2. In the Second Order, the Court dismissed Plaintiff's case based on his failure to disclose relevant settlement agreements in the December 2, 2024, IFP application and repeated concealment of income in prior IFP applications. The court concluded that Plaintiff's allegations of poverty were untrue and made in bad faith. *See* Ayala Decl. ¶ 10, Ex. G pgs. 3-4.

Plaintiff has a well-documented pattern of filing legal actions in a successive and deliberate manner, indicating a strategic intent. His repeated interactions with this Court and multiple requests for IFP status suggest a strong familiarity with its procedures. His admitted failure to disclose settlement income on his IFP application constitutes bad faith. *See Roberts*, 2019 WL 3532183, at 3 (finding that a plaintiff's failure to disclose a settlement was not an oversight, given their extensive litigation background and understanding of the IFP process) *see also Owens v. Brewer*, No. 2:22-CV-1765 CSK P, 2025 WL 449290, at *6 (E.D. Cal. Feb. 10, 2025), *report and recommendation adopted,* No. 2:22-CV-1765 DJC CSK P, 2025 WL 895234 (E.D. Cal. Mar. 24, 2025) (dismissing plaintiff's case with prejudice after finding that he acted in bad faith by failing to re[port settlement income). Accordingly, the

Complaint should be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety, with prejudice.

### CERTIFICATE OF COMPLIANCE WITH WORD COUNT

Pursuant to Local Rule 11-6.2, the undersigned, counsel of record for Trans Union LLC, and for WebBank hereby certify that this brief contains 2,400 words, which complied with the word count limit of L.R. 11-6.1.

Respectfully submitted.

DATED: June 23, 2025        MUSICK, PEELER & GARRETT LLP

By: */s/ Donald E. Bradley*
Donald E. Bradley
Counsel for Trans Union LLC

DATED: June 23, 2025        FAEGRE DRINER BIDDLE AND REATH LLP

By: */s/ Andrew S. Ayala*
Andrew S. Ayala
Counsel for WebBank

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On June 23, 2025, I served the foregoing **"DEFENDANTS TRANS UNION, LLC AND WEBBANK'S NOTICE OF JOINT MOTION TO DISMISS AND JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT"** on the interested parties in this action by transmitting a copy as follows:

Artis-Ray Cash, Jr.
453 South Spring Street, Suite 400
PMB 1211
Los Angeles, CA 90013
(831) 346-2562
*Pro se Plaintiff*

☒ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing mail. Under that practice, it is deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter dates is more than one day after date of deposit for mailing in affidavit.

☒ (VIA ELECTRONIC FILING) I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel denoted on the Service List.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the addressee(s) above.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: June 23, 2025

_____
Wilhelmina K. Ackart