FAEGRE DRINKER BIDDLE & REATH LLP
Andrew S. Ayala (SBN 332261)
andrew.ayala@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  +1 310 203 4000
Facsimile:    +1 310 229 1285

Attorneys for Defendants
WEBBANK and FINGERHUT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., | Case No. 2:25-cv-00961-RGK-DFMx |
| Plaintiff, | |
| v. | **DECLARATION OF ANDREW S. AYALA IN SUPPORT OF DEFENDANTS TRANSUNION, LLC AND WEBBANK'S JOINT MOTION TO DISMISS** |
| TRANSUNION, LLC, WEBBANK, FINGERHUT, and DOES 1 through 20, inclusive, | |
| Defendants. | Date:     July 21, 2025 |
| | Time:     9:00 a.m. |
| | Place:    Courtroom 850 |
| | Complaint Filed:  04/11/2025 |

I, Andrew S. Ayala, hereby declare as follows:

1.      I am an attorney at the law firm of Faegre Drinker Biddle & Reath LLP, attorney of record for Defendant WebBank ("WebBank" or "Defendant").   I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.      On June 11, 2025, the parties met and conferred with Plaintiff Artis-Ray Cash Jr. ("Plaintiff") via telephone call, in compliance with Local Rule 7-3, about Defendants' intent to file a Motion to Dismiss Plaintiff's Complaint ("Complaint") under 28 U.S.C. 1915 (e)(2)(A) and the merits thereof.

3.      TransUnion's counsel and I explained that WebBank and Transunion, LLC's position was that Plaintiff should voluntarily dismiss his case because he had withheld settlement income when he applied for *in forma pauperis* status, and that Plaintiff denied withholding settlement income in bad faith. Plaintiff denied withholding settlement income in bad faith and refused to voluntarily dismiss the case.

4.      In *Artis-Ray: Cash v. Experian Information Solutions, Inc.*, Case No. 2:23-cv-06688 FMO (JCx), the defendant filed Defendant Experian information Solution, Inc's Notice of Settlement, alerting the court of the parties' settlement, on February 13, 2024. A true and correct copy of the filing is attached hereto as **Exhibit A**.

5.      In *Artis-Ray Cash, Jr. v. Midland Credit Management, Inc et al.*, Case No. 2:23-cv-10126-HDV-SSC, the parties filed a document titled Notice of Settlement Between Plaintiff and Defendants Midland Credit Management, Inc. and Midland Funding, LLC, alerting the court of their settlement, on July 22, 2024. A true and correct copy of the filing is attached hereto as **Exhibit B**.

6.      In *Artis-Ray Cash, Jr. v. Maximus, Inc.*, Case No. 2:24-cv-09094-RGK-AS, the parties filed Defendant Maximus, Inc's Notice of Settlement, alerting the court of their settlement, on January 27, 2025. A true and correct copy of the filing is attached hereto as **Exhibit C**.

7.      In *Artis-Ray Cash, Jr. v. Vervent, Inc.*, Case No. 2:24-cv-10359-DMG-BFM, the parties field a Joint Stipulation to Dismiss, alerting the court of their settlement, on February 5, 2025. A true and correct copy of the filing is attached hereto as **Exhibit D**.

8.      In *Artis-Ray: Cash v. Experian Information Solutions, Inc.*, *et al.*, Case No. 8:25-cv-00165-JWH-ADS, Plaintiff filed a document titled Declaration of Artis-Ray: Cash Jr. In Support of Motion for Relief from Judgment on May 9, 2025. A true and correct copy of the filing is attached hereto as **Exhibit E**.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.      In *Artis-Ray: Cash v. Experian Information Solutions, Inc.*, *et al.*, Case No. 8:25-cv-00165-JWH-ADS, the court entered an order titled Order Granting Defendant's Motion to Dismiss on May 6, 2025. The order dismissed Plaintiff's case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). A true and correct copy of the order is attached hereto as **Exhibit F**.

10.     In *Artis-Ray Cash Jr. v. Diverse Funding Associates*, Case No. 2:24-cv-10354-WLH-SHK, the court entered an order titled Order re Motion to Dismiss on June 17, 2025. The order dismissed Plaintiff's case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). A true and correct copy of the order is attached hereto as **Exhibit G**.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 23rd day of June, 2025, at Los Angeles, California.

                                              /s/ *Andrew S. Ayala*
                                              Andrew S. Ayala

# Exhibit A

Candace Y. Martinez (SBN 346799)
cymartinez@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
Telephone:   949.851.3939
Facsimile:   949.553.7539

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2:23-cv-06688 FMO (JCx)<br><br>Hon. Fernando M. Olguin<br><br>**DEFENDANT EXPERIAN**<br>**INFORMATION SOLUTION INC.'S**<br>**NOTICE OF SETTLEMENT**<br><br>Complaint filed:  August 15, 2023<br>First Amended Complaint filed:<br>December 28, 2023 |

PLEASE TAKE NOTICE that Plaintiff Artis-Ray Cash ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian") (collectively the "Parties") have reached an agreement on all material terms required to settle all of Plaintiff's claims against Experian pending in this action.

The Parties anticipate that the performance of the terms of the settlement agreement will be completed within forty-five (45) days of the date of this notice, at which time the Parties shall file a Stipulation for Dismissal with prejudice of the claims asserted against Experian.

Dated:  February 13, 2024

JONES DAY


By: */s/ Candace Y. Martinez*
      Candace Y. Martinez

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

- 2 -

# Exhibit B

THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendants,
MIDLAND CREDIT MANAGEMENT,
INC. and MIDLAND FUNDING LLC

ARTIS-RAY CASH, JR.
artiscashjr@yahoo.ocm
453 Spring Street
Suite 400 PMB 1211
Los Angeles, CA  90013
Ph:  (831) 346-2562

Plaintiff IN PRO PER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ARTIS-RAY CASH, JR.,<br><br>            Plaintiff,<br><br>      v.<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.;<br>MIDLAND FUNDING, LLC,<br><br>            Defendants. | Case No. 2:23-cv-10126-HDV-SSC<br><br>**NOTICE OF SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC**<br><br>Hearing Date:  July 2, 2024<br>Hearing Time:  10:00 a.m.<br><br>Judge:  Hernan D. Vera<br><br>Magistrate Judge: Stephanie S. Christensen |

Plaintiff Artis-Ray Cash, Jr. and Defendants Midland Credit Management, Inc. and Midland Funding, LLC hereby notify the Court that they have settled all claims between them in this matter. The parties are in the process of completing the settlement documents and filing the dismissal which may take up to 60 days. The parties request that a settlement disposition conference be scheduled in approximately 60 days.

DATED:  July 22, 2024

SOLOMON WARD SEIDENWURM & SMITH, LLP


By: _/s/ Thomas F. Landers_
THOMAS F. LANDERS
Attorneys for Defendants,
MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC

DATED:  July 22, 2024

By: _/s/ Artis-Ray Cash, Jr._
ARTIS-RAY CASH, Jr.
Plaintiff IN PRO PER

**ATTESTATION**

Pursuant to Central District Local Civil Rules, L.R. 5-4.3.4, I hereby certify that the content of this document is acceptable to counsel for Plaintiff and that I have obtained his authorization to affix his electronic signature to this document.

DATED:  July 22, 2024

SOLOMON WARD SEIDENWURM & SMITH, LLP


By: _/s/ Thomas F. Landers_
THOMAS F. LANDERS
Attorneys for Defendants,
MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on this 22nd day of July, 2024, I electronically filed the

following document:

   1.    **NOTICE OF SETTLEMENT**

with the Clerk of the Court using the CM/ECF system and a copy of this document

and the Notice of Electronic Filing were served via U.S. Mail and Email on the

following non-CM/ECF participants:

| | |
|---|---|
| Artis-Ray Cash, Jr. | Plaintiff IN PRO PER |
| 453 S. Spring Street | |
| Suite 400 PMB 1211 | |
| Los Angeles, CA  90013 | |
| artiscashjr@yahoo.com | |

_____

Woody L Doolittle

NOTICE OF SETTLEMENT

# Exhibit C

JOHN J. ATALLAH, Bar No. 294116
  jatallah@foley.com
SAVANNAH L. LEVIN, Bar No. 347929
  slevin@foley.com
**FOLEY & LARDNER LLP**
555 S Flower St., Suite 3300
Los Angeles, CA 90071-2411
Telephone: 213.972.4500
Facsimile: 213.486.0065

*Attorneys for Defendant Maximus, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., | Case No. 2:24-cv-09094-RGK-AS |
| Plaintiff, | **DEFENDANT MAXIMUS, INC.'S NOTICE OF SETTLEMENT** |
| v. | |
| MAXIMUS, INC, | Assigned to Hon. R. Gary Klausner |
| Defendant. | Complaint Filed: October 22, 2024 |

FOLEY & LARDNER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

MAXIMUS, INC.'S NOTICE OF SETTLEMENT
CASE NO. 2:24-CV-09094-RGK-AS

4896-3536-5905.3

**TO THE HONORABLE R. GARY KLAUSNER, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to pursuant to L.R. 16-15.7, Plaintiff Artis-Ray: Cash Jr. ("Plaintiff") and Defendant Maximus, Inc. ("Defendant") hereby jointly notify the Court that the Parties have reached a settlement in principle in the above-entitled matter, subject to executing a final settlement agreement by both parties.

The Parties request that the Court vacate all pending due dates and hearings and retain jurisdiction over this case until the parties finalize the terms of the settlement and fully perform their duties under the forthcoming settlement agreement.

The parties anticipate being in a position to file a joint stipulation of dismissal with prejudice within 30 days of this notice.

Dated:  January 27, 2025

/s/ Artis Ray: Cash Jr.
Artis-Ray: Cash Jr.
Plaintiff

Dated:  January 27, 2025

**FOLEY & LARDNER LLP**
John J. Atallah
Savannah L. Levin

/s/ John J. Atallah
John J. Atallah
Savannah L. Levin

Attorneys for Defendant Maximus, Inc.

* Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing content and has authorized this filing.

DATED:  January 27, 2025

/s/ John J. Atallah
John J. Atallah

MAXIMUS, INC.'S NOTICE OF SETTLEMENT
CASE NO. 2:24-CV-09094-RGK-AS

# Exhibit D

Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

FILED

CLERK, U.S. DISTRICT COURT

2/5/2025

CENTRAL DISTRICT OF CALIFORNIA

BY _____RYO_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ARTIS-RAY: CASH JR.,

Plaintiff,

vs.

Vervent, INC.,

Defendant.

CASE NO.: 2:24-cv-10359-DMG-BFM

**JOINT STIPULATION TO DISMISS**

Plaintiff Artis-Ray: Cash Jr. ("Plaintiff") and Defendant Vervent, INC. ("Defendant"; together with Plaintiff, the "Parties") hereby jointly stipulate and agree as follows:

WHEREAS, the Parties have reached a settlement in principle in the above-entitled matter, subject to executing a final settlement agreement by both Parties;

WHEREAS, pursuant to the settlement in principle, the Parties have agreed to dismiss this matter without prejudice, each party to bear their own costs and attorney's fees;

WHEREAS, pursuant to the settlement in principle, the Parties have agreed that this dismissal shall become final upon execution of all settlement terms;

**JOINT STIPULATION TO DISMISS**

NOW, THEREFORE, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate and move the Court for an order dismissing this matter without prejudice, each to bear their own costs and attorney's fees.

Dated: 02/04/2025

Artis-Ray: Cash Jr.

Plaintiff

/s/ Artis Ray Cash Jr

Dated: 02/04/2025

Michael C. Barnhill

Attorney for Defendant Vervent, INC.

/s/ Michael C Barnhill

*Pursuant to Local Rule 5-4-3.4(a)(2)(i), I attest that the other signatory listed, and on whose behalf this filing is submitted, concurs in the filing content and has authorized this filing.*

**JOINT STIPULATION TO DISMISS**

# Exhibit E

Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

FILED

CLERK, U.S. DISTRICT COURT

05/09/2025

CENTRAL DISTRICT OF CALIFORNIA

BY_____DVE_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ARTIS-RAY: CASH JR.,

Plaintiff,

vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
MONTEREY FINANCIAL SERVICES,
LLC,

Defendants.

CASE NO.: 8:25-cv-00165-JWH-ADS

**DECLARATION OF ARTIS-RAY:
CASH JR.
IN SUPPORT OF MOTION FOR
RELIEF FROM JUDGMENT**

I, Artis-Ray: Cash Jr., declare under penalty of perjury under the laws of the United States as follows:

1. I am the Plaintiff in this matter and am proceeding pro se. I make this declaration in support of my Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b).

2. On January 29, 2025, I filed this case along with an application to proceed in forma pauperis (IFP). I believed in good faith that I was eligible for IFP status based on my financial circumstances at that time.

3. Within the twelve months before I filed my IFP application, I received settlement payments from:

- Experian (February 22, 2024)

- Midland Credit Management (August 29, 2024)

- Equifax (October 8, 2024)

4. After filing my IFP application, I received two more settlements:

- Vervent (February 4, 2025)

- Maximus (February 24, 2025)

5. The Vervent and Maximus payments were issued to my business LLC, not to me personally. These were used to cover business and operational expenses and were not accessible for personal use.

6. At the time of my IFP filing, my personal bank account showed very low balances. A copy of my January 2025 bank statement is attached as Exhibit A.

7. My 2023 federal tax return, attached as Exhibit B, accurately reflects my income during that tax year. I relied on that information when completing the IFP application.

8. I did not understand that confidential settlements, particularly those not received personally or paid through my LLC, needed to be listed. I did not intend to mislead the Court or hide any assets.

DECLARATION OF ARTIS-RAY: CASH JR. IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT

9. I respectfully clarify that although the Court noted that I have been involved in 21 cases, most of those were filed by attorneys, not by me. This case is one of the few I have filed pro se. A prior case against Experian was filed by counsel and is attached as Exhibit C.

10. Exhibit D is a copy of my original IFP application, submitted in good faith. Exhibit E is my W-9 listing my LLC as the payee for settlement income in applicable matters. Exhibit F is the IFP denial order in *Cash v. Caesars Entertainment*, where I complied fully and did not refile the case.

11. Exhibit G contains redacted email correspondence between myself and counsel for Vervent, confirming the existence of a confidential settlement discussion. I am including it solely to establish the negotiated and private nature of the resolution, not to disclose the terms. The message includes a standard confidentiality disclaimer, and I have redacted sensitive or irrelevant content in good faith.

12. I respect this Court and the judicial process. I have never attempted to abuse the system or mislead the Court. I respectfully request that the judgment be vacated so that my claims may be heard on the merits.

13. I respectfully request leave to proceed in forma pauperis or, if required, to work with the Court on an appropriate means of satisfying the filing fee if the case is reinstated.

Executed on: May 9, 2025

Location: Los Angeles, California

**/s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.**

Pro Se Plaintiff

**DECLARATION OF ARTIS-RAY: CASH JR. IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT**

# Exhibit F

1
2
3
4
5
6
7
8
## UNITED STATES DISTRICT COURT
9
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11     ARTIS-RAY CASH JR.,

12             Plaintiff,

13         v.

14     EXPERIAN INFORMATION
       SOLUTIONS, INC., and
15     MONTEREY FINANCIAL
      SERVICES, LLC,
16
17         Defendants.

Case No. 8:25-cv-00165-JWH-ADSx

**ORDER GRANTING
DEFENDANT'S MOTON TO
DISMISS [ECF No. 22]**

18
19
20
21
22
23
24
25
26
27
28

Plaintiff Artis-Ray Cash, Jr. commenced this action against Defendants Experian Information Solutions, Inc. and Monterey Financial Services, LLC in January 2025.[1]  Cash asserts two claims for relief against Defendants: (1) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); and (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*[2]

Cash, who appears *pro se*, also filed an application to proceed *in forma pauperis*, as well as a sworn statement regarding his available income.[3]  Based upon the information that Cash provided, the Court granted his IFP Application.[4]  In April 2025, however, Monterey moved to dismiss Cash's claims because Cash failed to disclose settlement income that Cash—who is a serial litigant—earned through prior FCRA cases.[5]  Cash does not dispute that he earned income through prior settlements nor that he omitted that information from his IFP Application.[6]  Cash also does not dispute that he omitted that information from other applications that he has filed in this District.[7]

Pursuant to 28 U.S.C. § 1915(e)(2)(A), a court "shall dismiss" a case in which a request to proceed *in forma pauperis* was granted "if the court determines that . . . the allegation of poverty is untrue."  Although the Ninth

---

[1]    *See* Complaint [ECF No. 1].

[2]    *See generally id.*

[3]    *See* Request to Proceed *in Forma Pauperis* (the "IFP Application") [ECF No. 2].

[4]    *See* Order on the IFP Application [ECF No. 7].

[5]    *See* Defs.' Mot. to Dismiss (the "Motion") [ECF No. 22].

[6]    *See* Pl.'s Opp'n to Motion (the "Opposition") [ECF No. 24].

[7]    *See id.*; *see also* Decl. of Berj K. Paseghian in Supp. of the Motion [ECF No. 23] (listing cases).

Circuit has interpreted that statute to require a showing of bad faith, *see Esobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015), that requirement is satisfied by "deliberate concealment of income in order to gain access to a court without prepayment of filing fees," *Roberts v. Beard*, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019). Additionally, if the applicant "knowingly provided inaccurate information on his or her IFP application, the dismissal may be with prejudice." *Steshenko v. Gayrard*, 2015 WL 1503651, at *5 (N.D. Cal. Apr. 1, 2015).

In view of Cash's failure to contest that he earned settlement income from prior FCRA cases, the Court concludes that Cash's allegation of poverty was untrue. Additionally, in view of Cash's failure to explain why he omitted that information and of the various other applications in which Cash also omitted that information, the Court likewise concludes that Cash deliberately concealed his prior settlement income in order to gain access to this Court without prepayment of filing fees. *See Roberts*, 2019 WL 3532183, at *3.

Accordingly, the Court hereby **ORDERS** as follows:

1. Monterey's instant Motion [ECF No. 22] is **GRANTED**.

2. This action is **DISMISSED with prejudice**.

3. The hearing on Monterey's Motion [ECF No. 22] and the Scheduling Conference are **VACATED**.

4. Judgment shall issue accordingly.

**IT IS SO ORDERED.**

Dated:    May 6, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE

# Exhibit G

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY CASH JR. | Case No. 2:24-cv-10354-WLH-SHK |
| Plaintiff, | **ORDER RE MOTION TO DISMISS [26]** |
| v. | |
| DIVERSE FUNDING ASSOCIATES | |
| Defendant. | |

Before the Court is Defendant Diverse Funding Associates, LLC's Motion to Dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(A). (Mot., Dkt. 26). Plaintiff did not file an opposition. (*See* Notice of Non-Opposition, Dkt. 37). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 20, 2025, is **VACATED**, and the matter taken off calendar. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

# I.   BACKGROUND

1  Plaintiff Artis-Ray Cash Jr. commenced this action pro se on December 2, 2024, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  (*See* Complaint, Dkt. 1). Along with his Complaint, Plaintiff filed an application to proceed in forma pauperis ("IFP"), declaring under penalty of perjury that he received an income of $2,100 per month but did not disclose any settlement proceeds received during the prior twelve months.  (Dkt. 3).

On December 12, 2024, the Court denied the IFP request, finding that Plaintiff had the ability to pay the filing fee.  (Dkt. 9).  Plaintiff moved for reconsideration.  (Dkt. 10), and the Court granted that motion on January 16, 2025, vacating its prior order and allowing Plaintiff to proceed IFP.  (Dkt. 11).

Plaintiff served Defendant on March 28, 2025.  (Dkt. 17).  On May 5, 2025, Defendant filed its Answer.  (Dkt. 22).  On May 9, 2025, Defendant filed the present Motion to Dismiss (Dkt. 26).  In support of its motion, Defendant submitted a declaration and court filings reflecting Plaintiff's litigation and settlement history.  (Dkt. 27).  Plaintiff did not file an opposition.  On June 5, 2025, Defendant filed a Notice of Non-Opposition.  (Dkt. 37).

# II.   DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(A), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue."  This provision allows courts to dismiss IFP cases upon discovering material omissions or misrepresentations about a litigant's financial status.  Because the statute permits dismissal "at any time," the Court may consider this issue irrespective of the case's procedural posture or whether Defendant's filings were timely.

As the Ninth Circuit has made clear, "to proceed [IFP] is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  "To dismiss [a] complaint

2

1   pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy."

2   *Escobedo v. Applebee's*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015).  Bad faith "includes

3   deliberate concealment of income in order to gain access to a court without

4   prepayment of filing fees… a court may consider a plaintiff's familiarity with the in

5   forma pauperis system and history of litigation." *Roberts v. Beard*, No. 15CV1044-

6   WQH-RBM, 2019 WL 3532183, at *3 (S.D. Cal. Aug. 2, 2019).  If the applicant

7   "knowingly provided inaccurate information on his or her IFP application, the

8   dismissal may be with prejudice." *Steshenko v. Gayrard*, 2015 WL 1503651, at *5

9   (N.D. Cal. Apr. 1, 2015).

10      Here, Plaintiff filed an IFP application on December 2, 2024, declaring under

11   penalty of perjury that he earned $2,100 per month and omitting any reference to

12   recent settlement proceeds.  (Mot. at 3).  Plaintiff executed at least two settlement

13   agreements within the twelve months prior to filing:  one in *Cash v. Experian*, Case

14   No. 2:23-cv-06688 (settled February 13, 2024), and another in *Cash v. Midland Credit*

15   *Management, Inc.*, Case No. 2:23-cv-10126 (settled July 22, 2024).  (Parseghian

16   Decl., Exs. A–B).  Plaintiff did not disclose either settlement in his IFP application.

17      According to Defendant, this is not an isolated oversight.  Plaintiff has filed

18   more than 20 lawsuits in this District, many of them accompanied by IFP applications,

19   and has routinely failed to disclose settlement income in those filings.  (Parseghian

20   Decl. at 3-6).  Just weeks before the present motion was filed, another judge in this

21   District dismissed another case brought by Plaintiff with prejudice under the same

22   statute, based on the same concealed settlements.  *See Cash v. Experian*, No. 8:25-cv-

23   00165-JWH, Dkt. 29 at 3 (finding Plaintiff "deliberately concealed his prior

24   settlement income in order to gain access to th[e] Court without prepayment of filing

25   fees") (Parseghian Decl., Ex. G).

26      Plaintiff did not oppose the present Motion.  (*See* Notice of Non-Opposition,

27   Dkt. 37).  Under Local Rule 7-12, the Court may deem that failure as consent to

28   granting the motion.  Based on Plaintiff's failure to oppose this Motion, his failure to

3

1  disclose relevant settlement agreements in the December 2, 2024, IFP application and

2  repeated concealment of income in prior IFP applications, the Court finds that the

3  allegation of poverty was untrue and made in bad faith.  Dismissal with prejudice is

4  warranted under 28 U.S.C. § 1915(e)(2)(A).

5  **III.    CONCLUSION**

6          For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and

7  this action is **DISMISSED with prejudice**.  In light of this ruling, Plaintiff's pending

8  Motion to Strike Defendant's Answer as untimely (Dkt. 29) is **DENIED** as moot.

9

10         **IT IS SO ORDERED.**

11

12  Dated:  June 17, 2025

13                                                  HON. WESLEY L. HSU
                                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

On June 23, 2025, I served the foregoing **"DECLARATION OF ANDREW S. AYALA IN SUPPORT OF DEFENDANTS TRANSUNION, LLC AND WEBBANK'S JOINT MOTION TO DISMISS"** on the interested parties in this action by transmitting a copy as follows:

Artis-Ray Cash, Jr.
453 South Spring Street, Suite 400
PMB 1211
Los Angeles, CA 90013
(831) 346-2562
***Pro se Plaintiff***

☒ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing mail. Under that practice, it is deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter dates is more than one day after date of deposit for mailing in affidavit.

☐ (OVERNIGHT COURIER) I caused such envelope to be transmitted via Overnight Courier to the offices of the addressee(s).

☒ (VIA ELECTRONIC FILING) I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel denoted on the Service List.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the addressee(s) above.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated:   June 23, 2025

_____
Wilhelmina K. Ackart