Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
7/2/2025
CENTRAL DISTRICT OF CALIFORNIA
BY        RYO        DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., | CASE NO.: 2:25-cv-00961-RGK-DFM |
| Plaintiff, | |
| vs. | |
| TRANSUNION, LLC, | **PLAINTIFF'S OPPOSITION TO** |
| WEBBANK, | |
| FINGERHUT, | **DEFENDANTS' JOINT MOTION** |
| and DOES 1 through 20, inclusive, | **TO DISMISS** |
| Defendants. | |

### INTRODUCTION

This case exposes the ugly truth about corporate America's war on consumer rights. While TransUnion and WebBank - two multi-billion dollar corporations - stand accused of violating federal credit reporting laws, their response is telling: they've deployed a battalion of $800/hour attorneys not to defend the merits, but to attack a pro se plaintiff's paperwork. Their motion is a masterclass in bad faith, and this Court should see it for what it is - a desperate attempt to avoid accountability.

As a least sophisticated consumer under the FCRA and FDCPA, Plaintiff's misunderstanding of LLC reporting requirements was objectively reasonable. Defendants - multi-billion dollar corporations with in-house legal teams - now demand attorney-level precision from an unrepresented injured party. This violates the core principle that consumer protection laws must be interpreted "from the perspective of the unsophisticated debtor."

**STATEMENT OF FACTS**

1. **Plaintiff's Good Faith Efforts**:

    - Submitted IFP application based on 2023 tax returns and personal bank records
    - Disclosed all personal income to the best of his understanding
    - Maintained LLC finances separately, as required by law

2. **Defendants' Pattern of Abuse**:

    - Filed identical motions in multiple cases (copy-paste litigation)
    - Ignored Plaintiff's medical emergency (June 4, 2025 accident)
    - Refuse to address substantive FCRA violations

3. **Recent Developments**:

    - Plaintiff hospitalized with fractures and head trauma (Exhibit A)
    - Two cited dismissal orders currently on appeal

**ARGUMENT**

I. The "Least Sophisticated Consumer" Standard

1. **Plaintiff's Pro Se Status Matters**

    - Ninth Circuit mandates "extra liberality" for pro se pleadings [Erickson]

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**

- FCRA/FDCPA cases routinely protect those with "limited education" [Swanson v. S. Or. Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988)]

2. **Defendants' Double Standard**

While aggressively enforcing technicalities against Plaintiff, Defendants themselves face constant regulatory action for:

- "Unfair/deceptive practices" (2024 FTC Consent Decree)
- "Exploitative fine-print contracts" (CFPB v. WebBank)

**Their motion epitomizes the very consumer abuse Congress sought to prevent.**

## II. DEFENDANTS FAIL TO SHOW BAD FAITH UNDER § 1915(e)(2)(A)

### A. LLC Settlements Are Not Personal Income

The IFP form explicitly requests personal financial information - not corporate assets. Plaintiff's LLC is a legally distinct entity under California law. The settlement deposited there was never distributed to Plaintiff personally and therefore wasn't reportable.

### B. Confidential Settlements Created Reasonable Confusion

Many settlements included non-disclosure provisions. Plaintiff reasonably believed:

- Private resolutions needn't be disclosed
- Only court-ordered payments counted as "income"
- Tax treatment governed IFP reporting

### C. Tax Return Reliance Was Objectively Reasonable

Plaintiff mirrored his IFP disclosures on his 2023 tax return - the same approach the IRS requires. If this method satisfies the federal government, it certainly meets § 1915's "good faith" standard.

3
**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**

## III. DEFENDANTS' LITIGATION CONDUCT DEMANDS SANCTIONS

### A. They've Weaponized the IFP Process

While Plaintiff seeks to enforce federal consumer rights, Defendants have:

1. Filed the same motion verbatim in 5+ cases

2. Ignored binding Ninth Circuit precedent on pro se leniency

3. Wasted judicial resources on procedural gamesmanship

### B. Their Hypocrisy Is Staggering

Defendants demand perfect paperwork from a pro se plaintiff while their own house isn't in order:

- TransUnion currently under FTC consent decree

- WebBank settled predatory lending claims for $145M

## IV. DEFENDANTS' MOTION VIOLATES CONSUMER PROTECTION NORMS

Their attack on Plaintiff's paperwork directly conflicts with:

1. **FCRA's Purpose**: "To protect consumers from unfair credit reporting" [15 U.S.C. §1681(b)]

2. **FDCPA Philosophy**: "To shield the vulnerable from predatory tactics" [Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009)]

3. **This District's Standing Order**: "Pro se litigants entitled to reasonable latitude" (C.D. Cal. Gen. Order 23-07)

## V. DISMISSAL WITH PREJUDICE IS MANIFESTLY UNJUST

Even if the Court finds IFP status improper (which it isn't), the remedy is fee payment - not dismissal. Witkin v. Lee, 2020 WL 2512383 (E.D. Cal. 2020).

To grant Defendants' request would:

✓ Reward their procedural gamesmanship

✓ Deny Plaintiff his day in court

✓ Create dangerous precedent for consumer rights

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

**1. Deny Defendants' motion in its entirety**;

**2. Alternatively**, revoke IFP status and permit fee payment;

**3. Consider sanctions** under 28 U.S.C. § 1927 for Defendants' vexatious litigation tactics.

**Dated:** July 2, 2025

Respectfully submitted,

By: **/s/ Artis Ray Cash Jr**

    Artis-Ray: Cash Jr.

    Plaintiff in Pro Per

**PROOF OF SERVICE**

I, Artis-Ray: Cash Jr., am a party in this case and served the following documents:

- Plaintiff's Opposition to Defendants' Joint Motion to Dismiss;

- Declaration of Artis-Ray: Cash Jr.;

- Exhibit A (Police Report);

- [Proposed] Order;

by email on July 2, 2025 to:

**Andrew S. Ayala, Esq.**

ayalaa@ballardspahr.com

Counsel for WebBank

**Vivian Lopez**

vlopez@qslwm.com

Counsel for TransUnion

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2025

**Artis-Ray: Cash Jr.**

Pro Se Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS