MUSICK, PEELER & GARRETT LLP
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626-1925
Telephone (714) 668-2400
Facsimile (714) 668-2490
Donald E. Bradley (State Bar No. 145037)
D.Bradley@MusickPeeler.com

Attorneys for Defendant TRANS UNION LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ARTIS-RAY CASH, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSUNION LLC; WEBBANK; FINGERHUT; and DOES 1 – 20, Inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00961-RGK-DFM<br><br>Hon. R. Gary Klausner<br><br>**REPLY IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:** July 21, 2025.<br>**Time:** 9:00 a.m.<br>**Courtroom:** 850<br><br>**Complaint Filed:** April 11, 2025. |

### I.    INTRODUCTION

Defendants Trans Union LLC ("Trans Union") and WebBank ("WebBank") (collectively "Defendants") request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and would respectfully show the Court as follows:

### II.    OBJECTION TO PLAINTIFF'S UNTIMELY RESPONSE

Defendants filed their Motion to Dismiss (Dkt. 48) ("Motion") on June 23, 2025, a hearing is scheduled for July 21, 2025. Pursuant to Local Rule 7-9 Plaintiff was required to file and serve his opposition to the Motion "not later than twenty-one (21) before the date designated for hearing." Plaintiff's response was untimely, having just appeared on the Court's docket July 7,

MUSICK, PEELER
& GARRETT LLP

1

REPLY IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

2025. Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." L.R. 7-12. Finally, Local Rule 83-2.2.3 provides that "[a]ny person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P," L.R. 83-2.2.3, and Local Rule 832.2.4 confirms that the "[f]ailure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default," L.R. 83-2.2.4. Therefore, Defendants object to Plaintiff's late response and ask the Court to strike the response.

### III.   PLAINTIFF FAILS TO ADDRESS HOW DISMISSAL IS UNWARRANTED

In his untimely response, Plaintiff attempts to deflect from his responsibilities to disclose his settlement income in his IFP Application by instead asserting the "least sophisticated consumer" standard applies here. However, Plaintiff's attempts to feign ignorance do not negate that dismissal is warranted. Plaintiff has shown he is an experienced litigant (filing over 21 actions in this Court), with at least two courts that have already dismissed his actions due to this very same bad-faith concealment. *See Artis-Ray Cash Jr. v. Experian Information Solutions, Inc., et al.*, Civil Case No. 8:24-cv-00165-JWH-ADS and *Artis-Ray Cash Jr. v. Diverse Funding Associates*, Civil Case No. 2:24-cv-10354-WLH-SHK.  Interestingly, Plaintiff does not even address these cases in his Opposition.  Rather than address the true substance of the Motion, Plaintiff instead chooses to assert that Defendants are attempting to "demand perfect paperwork" "while their own house isn't in order."

### IV.   PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff's Opposition to the Motion appears to contain a motion for sanctions or other relief.  Plaintiff asserts that counsel for Defendants have engaged in vexatious litigation tactics by filing the same motion in other cases and engaging in procedural gamesmanship (advocating for their clients pursuant to the Court's rules and procedures).  This briefing is improper for Plaintiff to move for sanctions through his Opposition to Defendants' Motion.  *See Pineda v. JTCH Apartments, LLC*, 843 F.3d 1062, 1067 (5th Cir. 2016) (holding that improper for party to assert a motion for sanctions in opposition to motion because it did not comply with Rule 11); *Chavez v. Bd. of Cnty. Comm'rs of Sierra Cnty.*, No. CIV 11-1008 JB/LAM, 2012 WL 2175776, at *3 (D.

MUSICK, PEELER
& GARRETT LLP

2

REPLY IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

N.M. May 30, 2012) (motion for sanctions must be made separately from any other motion). Defendants respectfully request the Court deny any relief requested by Plaintiff in his Opposition to the Motion.

## V.  CONCLUSION

For the foregoing reasons, Defendants Trans Union LLC and WebBank respectfully request that Plaintiff's Complaint be dismissed in its entirety, with prejudice.

DATED: July 7, 2025          MUSICK, PEELER & GARRETT LLP

By: _____
Donald E. Bradley
Counsel for Trans Union LLC

DATED: July 7, 2025          FAEGRE DRINER BIDDLE AND REATH LLP

By: /s/ Andrew S. Ayala
Andrew S. Ayala
Counsel for WebBank

MUSICK, PEELER & GARRETT LLP

3

REPLY IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Hope Street, Suite 2900, Los Angeles, California 90071.

On July 8, 2025, I served the foregoing **DEFENDANTS TRANS UNION, LLC AND WEBBANK'S REPLY IN SUPPORT OF JOINT MOTION TO DISMISS AND JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action by transmitting a copy as follows:

Artis-Ray Cash, Jr.
453 South Spring Street, Suite 400
PMB 1211
Los Angeles, CA 90013
(831) 346-2562
***Pro se Plaintiff***

☒ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing mail. Under that practice, it is deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter dates is more than one day after date of deposit for mailing in affidavit.

☒ (VIA ELECTRONIC FILING) I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to counsel denoted on the Service List.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: July 8, 2025          *Ashli Penrose*
                             Ashli V. Penrose

MUSICK, PEELER & GARRETT LLP

4

REPLY IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. 1915 (e)(2)(A) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT