Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., <br><br> Plaintiff, <br><br> vs. <br><br> TRANSUNION, LLC, <br> WEBBANK, <br> FINGERHUT, <br> and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.: 2:25-cv-00961-RGK-DFM <br><br> **PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> **Honorable Judge Klausner** |

**TO THE HONORABLE COURT, DEFENDANTS, AND COUNSEL OF RECORD:**

Plaintiff Artis-Ray: Cash Jr., appearing pro se, respectfully submits this Sur-Reply in further opposition to Defendants' Joint Motion to Dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A). Defendants' Reply distorts Plaintiff's arguments, mischaracterizes his actions, and inappropriately seeks to strike a good-faith response. This Court should reject such tactics and deny Defendants' motion.

**I. PLAINTIFF'S RESPONSE WAS TIMELY IN SUBSTANCE AND FILED IN GOOD FAITH**

Defendants assert Plaintiff's response was untimely under Local Rule 7-9. However, Defendants falsely claimed Plaintiff's response "appeared on the docket July 7, 2025." The truth:

1. Plaintiff electronically filed his Opposition on **July 2, 2025**

2. The Clerk's office processed it on July 7 due to administrative delays

This discrepancy is verifiable from:

- The CM/ECF timestamp showing July 2 submission

- The Court's internal docketing records

Defendants either:

a) Knew the true filing date and misrepresented it, or

b) Failed to exercise due diligence in reviewing the docket

Either scenario violates their duty of candor to the Court.

## II. PLAINTIFF DID NOT "FEIGN IGNORANCE" BUT ACTED IN GOOD FAITH

Defendants accuse Plaintiff of feigning ignorance of IFP rules. This is false and unsupported. Plaintiff misunderstood the scope of the IFP form, particularly whether confidential settlements paid to his **business LLC**—not to him personally—qualified as "income."

Plaintiff's confusion was genuine:

- He relied on his 2023 tax return and personal bank statements.

- He was concerned about violating confidentiality provisions in settlement agreements.

- He did not believe that LLC payments constituted personal income requiring disclosure.

This is not bad faith. It is consistent with the behavior of a pro se litigant and, more importantly, a **least sophisticated consumer** under FCRA/FDCPA jurisprudence.

### III. PLAINTIFF'S PENDING RULE 60(B) MOTIONS IN OTHER CASES DO NOT ESTABLISH FRAUD

Defendants attempt to use other unrelated cases and pending Rule 60(b) motions as evidence of "persistent abuse." In reality, these are attempts by Plaintiff to clarify legal misunderstandings—not to deceive the Court.

None of the courts have found Plaintiff acted with proven fraudulent intent. Moreover, in each case, Plaintiff has filed corrective motions and offered to pay the filing fee if required. Importantly, even when considering the referenced settlement amounts, Plaintiff's total income would still fall under the federal poverty guidelines for IFP qualification when averaged across the relevant period. Plaintiff relied on his 2023 tax return and personal bank statements, both of which reflected financial hardship, and he remains without stable income. His intent has never been to mislead, but rather to comply with the law to the best of his ability as a pro se litigant.

### IV. SANCTIONS WERE NOT REQUESTED—PATTERNS WERE IDENTIFIED

Defendants mischaracterize Plaintiff's prior reference to sanctions. Plaintiff merely noted that the same arguments and language were being replicated across defense filings in multiple cases, which may rise to abusive litigation tactics. No improper sanctions request was filed.

### V. PLAINTIFF STANDS READY TO MAKE IFP ADJUSTMENTS

Plaintiff does not seek to evade the $402 filing fee. Contrary to Defendants' implications, Plaintiff's financial situation - even including all settlement amounts - still qualifies for IFP status under 28 U.S.C. § 1915. Plaintiff should be allow to file amended IFP application with full accounting, or make payment of the filing fee.

### VI. DEFENDANTS' PROCEDURAL GAMESMANSHIP

Rather than address Plaintiff's substantive FCRA claims, Defendants:

1. Fabricate timeliness arguments

2. Mischaracterize Plaintiff's litigation history

3. Ignore binding Ninth Circuit precedent requiring liberal construction of pro se filings

This Court should see through these tactics and deny dismissal.

## VII. CONCLUSION

For these reasons, Plaintiff respectfully requests that:

1. The Court **reject Defendants' request to strike** his opposition;

2. The Court **deny** the Motion to Dismiss or, alternatively, allow Plaintiff to file amended IFP application with full accounting, or make payment of the filing fee.

Respectfully submitted,

**/s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.**

**Dated: July 9, 2025**

**PROOF OF SERVICE**

I, **Artis-Ray: Cash Jr.**, declare that I am over the age of eighteen and not a party to this action.

My business or mailing address is:

    453 South Spring Street, Suite 400 PMB 1211

    Los Angeles, CA 90013

    Email: artiscashjr@yahoo.com

On **July 9, 2025**, I served the following document(s):

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

on the following parties by email, as indicated below:

**For Defendant TransUnion, LLC:**

**Donald E. Bradley**

Musick, Peeler & Garrett LLP

Email: d.bradley@musickpeeler.com

**For Defendant WebBank and Fingerhut:**

**Andrew Stewart Ayala**

Faegre Drinker Biddle and Reath LLP

Email: andrew.ayala@faegredrinker.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 9, 2025 at Los Angeles, California.

**/s/ Artis Ray Cash Jr**

**Artis-Ray: Cash Jr.**

Pro Se Plaintiff

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS